MALLON et al. v. WILLIAM C. GREGG & CO. et al.

(Circuit Court, D. Minnesota, Fourth Division. November 11, 1903.)

1. PATENTS—VALIDITY AND INFRINGEMENT—CANE UNLOADING MACHINE.

The Mallon patent, No. 583,408, for automatic mechanism for unloading and feeding sugar cane, cannot be considered as covering more than the rake used to move the cane from the car to the conveyor and the mechanism for operating the same, the other elements of the combination being old in the art; and as to such feature it is void for lack of patentable invention, the rake shown being merely an adaption of those previously used for analogous purposes, notably that of the Howard patent for a machine for moving coal in the hold of a vessel to a conveyor, and that of the Lockhart patent for mechanism for moving grain from wagons to a conveyor, which carries it to a threshing machine. The patent also *held* not infringed, if valid, by the machine of the Gregg patent, No. 670,176.

In Equity. Suit for infringement of letters patent No. 583,408, for automatic mechanism for unloading and feeding sugar cane, granted to James Mallon May 25, 1897. On final hearing.

George W. Rea, for complainants.
A. C. Paul, for defendants.

LOCHREN, District Judge (orally). In this case the complainants have a patent for an automatic mechanism for unloading and feeding sugar cane. They claim that the defendants have infringed the patent by the construction, placing upon the market, and sale of a mechanism practically the same as that of the complainants. The defense is twofold: First, that complainants' patent is invalid; that it has been anticipated; that it is simply the same as prior machines that have been in use for similar work; and, second, that the defendants' machine is different in some essential particulars from that of the complainants, and does not infringe.

The fact that a patent has been issued to the complainants is prima

facie evidence of its validity, but the decision of the Patent Office is not conclusive, and the courts are required to examine into the prior state of the art and ascertain whether in fact the patented device involves invention so as to be patentable. It appears that, prior to the alleged invention of the complainants, sugar cane had been unloaded from the cars in which it was brought to the vicinity of the mills, by being raked from the cars, the sides of the cars being let down, upon a conveyor continually moving; an endless conveyor, as I gather from the statements of counsel, which carried it from the place where it was unloaded into the mill. The change made by the complainants was to place, in the stead of men who were engaged in moving the mass from the car with their rakes, this automatic machine at a convenient place where, by the use of the endless rake, the sugar cane was removed, raked from the car down the slide upon the movable conveyor, and thus passed into the mill, the same as when raked off by hand.

**J. Mallon—Automatic Mechanism for Unloading and Feeding Sugar Cane—No. 583,408.**

Now, it is evident, from this statement of what the evidence shows, that the cars and the conveyor form no part of the complainants' invention. They were there before, and had no more to do with the invention than the engine which drew the cars to the place. The invention, if any, consisted in the endless rake in the form in which it was conceived and constructed, and the machinery for handling it and operating it. So that it comes down to the question whether that endless rake of the complainants was something which the claim-

ed inventor, Mallon, conceived and constructed as something new, or whether it was simply applying an old and well-known device to the performance of that work of removing the cane from the cars to the conveyor.

It appears from patents which are in evidence that endless rakes were old, and used for many purposes before this claimed invention; and that such rakes have been constructed in form much like that of the complainants, at least in two instances, that of Howard and that of Lockhart, being pivoted at the one end to the support, while the other end was free to be raised or lowered; and in working, the loose end, simply by being loose and lying upon the material to be moved, acted by gravity in enabling the material to be seized hold of. It is claimed that it was invention to apply this device, even although it was old, to this new work, with such changes as were necessary to adapt it to the removal of sugar cane from cars, although a similar device had been used for other like purposes before; as for moving coal, in the case of the Howard patent, from the hold of a vessel; or removing unthreshed grain from wagons, as in the case of the Lockhart patent; the material in the latter case being raked upon a conveyor which carried it to a thresher, somewhat similarly to the action of the conveyor upon which the sugar cane was moved to the mill. In the case of the Howard patent, so far as it applied to coal in the hold of a vessel, it moved the coal to the foot of an upright, or nearly upright, elevator, where it dropped into buckets that were being carried up by an endless belt to the discharging point—the dock, or any convenient place.

I apprehend that, as far as an invention of this kind is concerned, the rake and the machinery for moving it is the material part of the machine itself; that the manner of fastening it to the place, or selecting the place where it is to be located, depends upon what use it is to be put to, and does not change the character of the machine. It is the same machine, whether planted by the side of a railroad track, so that it will operate upon cars as they come up, or planted where it can reach wagons as they are driven to it, or planted in the hold of a vessel, where it may operate upon the material that is there in cargo suitable to be acted upon. Neither does it seem to me that it involves invention to change the teeth, or scrapers, or flights, or whatever they are called, to adapt them to the material upon which they are to act. The necessity for adapting the scraper to the material is a matter of such common knowledge, and so obvious, that I apprehend no invention is required to advise a person that a different kind of flight or scraper would be needed in moving coal from what would be proper to use in moving hay or straw. In the case of the moving of coal, something like what we ordinarily understand by the word "scraper" would be proper, while in the case of the moving of hay or straw, something having teeth more like a rake or fork would be required. Perhaps in the case of sugar cane something between the two might be better adapted to the work; but I do not think there would be any difficulty on the part of a mechanic, or anybody having an ordinary acquaintance with such things, in adopting what would be substantially the proper thing. A wide scraper, such as would be proper in moving dirt, or ore, or perhaps coal, would not

be as well adapted to handling sugar cane. Nor, probably, would as fine teeth as would be suitable in moving unthreshed grain or hay be desirable in the case of sugar cane, as it might impale the canes and interfere with the convenience of the work. I do not think that the mere change in a device which was used to unload cars, or to move material from any place upon which it was deposited, in relation to the scraper or flights, would involve invention, or could be considered in that light.

It seems to me, therefore, that the complainants must be confined to the consideration of this endless rake and the machinery which operates it, and that, as to its use in connection with the cars and conveyor, this machine does not differ materially from the machine which was invented by Howard, or the one which was invented by Lockhart. Both of these were used for the like purpose of moving material from the place where it was, either where it rested or where it was in process of being conveyed from one place to another, automatically and by machinery, to a conveyor or elevator, for the purpose of being conveyed to the place where it was wanted. The complainants' machine as constructed, by simply applying that old device to sugar cane which had been applied before to other material, does not seem to involve invention. My conclusion is, therefore, that this patent is invalid.

I am inclined to think that I shall have to come to a like conclusion as to the issue forming the other branch of the defense—the material difference between the machines of complainants and defendants. One of the elements claimed by Mr. Mallon in his patent, which he calls "bars holding the rakes," does not exist in the defendants' machine. I would have no hesitation about holding this,

W. C. Gregg—Cane Unloading Machine.

were it not for the case of McSherry Co. v. Dowagiac Company, 101 Fed. 716, 41 C. C. A. 627, which was decided in the Sixth Circuit, and which has been cited by Mr. Rea. There the patentee described what he called a "swinging head" in each of his claims, in such a way as seemed to make it an essential element of the claim. The Court of Appeals of the Sixth Circuit, however, held differently. It was evidently an unnecessary thing to put upon the springs. The springs were bent around what the inventor called a "swinging head," and then from that they extended back to another portion of the machine; and the Dowagiac Company, the owners of the patent, immediately discarded it; never built any machines like it; simply threw it out; and extended the springs directly back to the drawbars. The defense made the same claim there, that they were not infringers because they did not have a swinging head; and, although it was described carefully in the claims of the patent, Judge Lurton held that there was nothing in the claims which showed that the patentee confined himself to that detail in description. One thing is certain, that it was not essential in the sense that it was any good at all, or performed any function whatever, for it did not. But that is hardly true in relation to these crossbars in complainants' rake, because these crossbars do carry the teeth or scraper, and are in the claims represented as carrying the scrapers; so that they are not idle or useless, as the swinging head was, and I think they cannot be omitted. It must be held that the patentee has made them essential by describing them and their use in the manner which has been done by these claims.

For these reasons, I think the bill must be dismissed.